Norma **RAMIREZ, Plaintiff–Appellant,**

v.

**NEW YORK CITY HEALTH & HOS-PITALS, CORP. d/b/a Gouverneur Hospital, Defendant–Appellee.**

No. 05–0906–CV.

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Norma Ramirez, New York, New York, for Appellant, pro se.

Susan B. Eisner, Assistant, Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, for Appellee.

PRESENT: Honorable AMALYA L. KEARSE, Honorable REENA RAGGI, Circuit Judges, and Honorable JANE A. RESTANI, Chief Judge, U.S. Court of Int'l Trade.[1]

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on November 3, 2004, is hereby AFFIRMED.

Plaintiff-appellant Norma Ramirez sued her longtime former employer, defendant-appellee New York City Health & Hospitals Corp. d/b/a Gouverneur Hospital ["Gouverneur"], under various federal and state statutes alleging, *inter alia,* that Gouverneur (1) discriminated against her on the basis of her race, national origin, and age; (2) transferred her as retaliation for her speech and political activity; and (3) pressured her to accept an early retirement package to deprive her of her pension benefits. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review the district court's award of summary judgment *de novo. See Forsyth v. Federation Employment & Guidance Serv.,* 409 F.3d 565, 569 (2d Cir.2005). We resolve all factual ambiguities and credit all inferences in favor of Ramirez, and we will affirm only if there is no material issue of fact warranting trial and if defendant is entitled to judgment as a matter of law. *See Woodman v. WWOR–TV, Inc.,* 411 F.3d 69, 75 (2d Cir.2005).

1.  *Discrimination Claims*

██  Although Ramirez's employment discrimination claims are based on a variety of statutes, on a motion for summary judgment, all her claims are subject to review pursuant to the three-step, burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Back v. Hastings on Hudson Union Free Sch. Dist.,* 365 F.3d 107, 123 (2d Cir.2004) (applying *McDonnell Douglas* analysis to discrimination claims brought pursuant to 42 U.S.C. § 1983); *Terry v. Ashcroft,* 336 F.3d 128, 138 (2d Cir.2003)

---

1.  The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

(same for claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*); *Lizardo v. Denny's, Inc.,* 270 F.3d 94, 103 (2d Cir.2001) (same for claims under 42 U.S.C. § 1981); *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 n. 1 (2d Cir.2000) (same for claims under the New York State Human Rights laws). Under this framework, a plaintiff bears the initial burden of showing that "(1)[s]he is a member of a protected class; (2)[s]he is competent to perform the job or is performing [her] duties satisfactorily; (3)[s]he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on [her] membership in the protected class." *Dawson v. Bumble & Bumble,* 398 F.3d 211, 216 (2d Cir.2005). Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant, "who must proffer a legitimate, nondiscriminatory reason for the challenged employment action." *Woodman v. WWOR–TV, Inc.,* 411 F.3d at 76 (internal quotation marks omitted). If the defendant articulates such a reason, the plaintiff "must prove that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (internal quotation marks omitted).

Having carefully reviewed the record, we agree with the district court that Ramirez's discrimination claims lack sufficient evidentiary support to withstand a motion for summary judgment. Her conclusory assertions of discrimination and her hearsay proffers are insufficient to demonstrate that Gouverneur's proffered legitimate reasons for its challenged actions are pretextual, much less to satisfy plaintiff's " 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against' " her for reasons prohibited by law. *Schnabel v. Abramson,* 232 F.3d 83, 90 (2d Cir.2000)

(quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

To the extent Ramirez argues on appeal that she did not have sufficient time to take discovery or to present admissible evidence to the district court, the record is to the contrary. In sum, because Ramirez failed to adduce admissible evidence from which a reasonable jury could find that she had been the victim of an adverse employment action based on race, national origin, or age, the district court properly entered judgment in favor of Gouverneur.

### 2. *Retaliation Claim*

■ In addition to alleging that defendant transferred her to Bellevue Hospital because of her Hispanic origin and age, Ramirez asserts that the transfer was in retaliation for her protected First Amendment activities in opposing Gouverneur's alleged discrimination and corruption and in championing various community concerns. A public employee who alleges retaliation for protected speech must demonstrate that "(1) [her] speech addressed a matter of public concern, (2)[she] suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that [her] speech was a motivating factor in the determination." *Feingold v. New York,* 366 F.3d 138, 160 (2d Cir.2004) (internal quotation marks omitted).

Assuming *arguendo* that Ramirez could satisfy the first two elements, we conclude, like the district court, that summary judgment was properly entered in favor of Gouverneur because Ramirez has failed to adduce admissible evidence of a causal connection between Ramirez's protected activity and the alleged retaliatory acts. *See, e.g., Garcia v. S.U.N.Y. Health Sci-*

*ences Ctr.*, 280 F.3d 98, 106–07 (2d Cir. 2001).

### 3. ERISA Claim

Finally, Ramirez alleges that the defendant pressured her to accept an early retirement package to prevent her from receiving her pension benefits in violation of § 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Once again, the claim fails for lack of admissible evidence. Indeed, as the district court noted, Ramirez herself conceded in her deposition testimony that she has "no proof" to support her ERISA claim. *See Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1111–14 (2d Cir.1988).

We have considered all of Ramirez's remaining arguments and conclude that they are without merit.

The judgment of the district court, entered on November 3, 2004, is hereby AFFIRMED.